1
2
3
4
5                      IN THE UNITED STATES DISTRICT COURT
6                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   UNITED STATES OF AMERICA,                    No. CR 93-00216 SI
9              Plaintiff,                        **ORDER DENYING MOTION FOR**
                                                 **RESENTENCING**
10    v.
11  GREGORY LEE,
12             Defendant.
                                          /
13
14          Defendant Gregory Lee has filed a motion asking the Court to consider reducing his sentence.
15  The Court heard argument on the motion on June 6, 2008.  Having considered the arguments of the
16  parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendant's
17  motion for resentencing.
18
19                                   **BACKGROUND**
20          Defendant was arrested on May 12, 1993 and soon after pled guilty to one count of distribution
21  of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  On January 28, 1994, Judge Legge sentenced
22  him to a term of 210 months in prison, such that he is scheduled for release on May 9, 2009.  In
23  calculating defendant's sentence, the presentence report determined, based on the amount of crack
24  cocaine at issue, that his offense level was 32.  *See* PSR at ¶ 13; United States Sentencing Guidelines
25  ("U.S.S.G.") § 2D1.1 (1992).  The presentence report also recommended that defendant be placed in
26  criminal history category V, *see* PSR at ¶ 40, leading to a sentencing range of 140-175 months after a
27  three-point reduction for acceptance of responsibility.  The presentence report recommended, however,
28  and Judge Legge agreed, that defendant should be sentenced as a career offender under U.S.S.G. §

United States District Court
For the Northern District of California

4B1.1, giving him an offense level of 34 and putting him in criminal history category VI. *See* Judgment at 4. Because defendant's offense level as a career offender was greater than his offense level for the underlying crime, he was sentenced as a career offender, resulting in a sentencing range of 188-235 months after a three-point reduction for acceptance of responsibility. Defendant's sentence of 210 months was roughly in the middle of the career offender range and 35 months greater than the high end of the range that would have resulted under § 2D1.1.

## DISCUSSION

Defendant now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendment 706 to the Sentencing Guidelines. Amendment 706 generally reduced by two levels the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines. *See* Amendment 706, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments. *See* U.S.S.G. § 1B1.10(c).

This court may not modify a term of imprisonment that has already been imposed

> except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). If a court finds that a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission, the court then may exercise its discretion to reduce the term of defendant's imprisonment. *Townsend*, 98 F.3d at 512, 513.

Defendant asserts that this Court has the authority to reduce his sentence under 18 U.S.C. § 3582(c)(2) because Amendment 706 modified the recommended sentencing range for crack cocaine offenses, and defendant's sentence was based, at least in part, on the Guidelines range for the amount of crack cocaine at issue in defendant's offense. The problem with defendant's argument is that he was sentenced as a career offender under the Sentencing Guidelines, and his sentence was not determined by reference to the amount of crack cocaine at issue. Because the Court deemed defendant to be a career

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

offender, he was given an offense level of 34, based on the statutory maximum of the offense, and a criminal history category of VI. *See* Defendant's Motion at 2; U.S.S.G. § 4B1.1(b).[1]  This career offense level of 34 was greater than defendant's offense level under § 2D1.1, "the offense level otherwise applicable," U.S.S.G. § 4B1.1(b), so the Court proceeded under § 4B1.1 instead of § 2D1.1 and arrived at a sentencing range of 188 to 235 months, *see* Judgment at 4.  Amendment 706, which amended only the offense level under § 2D1.1, therefore does not speak to the sentencing range to which defendant was exposed under § 4B1.1, and every court that has considered this issue has held that those sentenced as career offenders – even where the underlying crime involved crack cocaine – cannot move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706.  *See, e.g., United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) ("Although the Sentencing Commission lowered the offense levels in USCG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USCG § 4B1.1, which is what set [the defendant's] sentencing range."); *United States v. Miami*, ___ F. Supp. 2d ___, 2008 WL 1869108 at *4 (E.D. Wis. April 22, 2008) (collecting over fifteen district court cases denying motion for resentencing for defendants sentenced as career offenders in relation to an underlying crack cocaine violation); *United States v. McDoughtery*, 2008 WL 752597 at *4-5 (C.D. Cal. March 18, 2008) ("Amendment 706 does not assist defendants deemed 'career offenders' under the Sentencing Guidelines."); *see also United States v. Gray*, 2008 WL 895012 at *2 n.1 (4th Cir. April 2, 2008) (non-precedential opinion addressing Amendment 706 outside of the context of 18 U.S.C. § 3582(c)(2)).

Defendant does not address these cases, but instead argues that this Court should hold otherwise because defendant's sentence was, at least indirectly, "based on" the Guidelines calculation under § 2D1.1 and hence should trigger the modification of a sentence for a "defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered."  18 U.S.C. § 3582(c)(2).  Defendant's argument is that before applying the career offender enhancement, a court must compare the offense level for a career offender with the offense level that otherwise would be imposed, in this case under § 2D1.1, and thus the court must calculate and compare the offense level

---

[1] The offense level of 34 was reduced to 31 based on defendant's acceptance of responsibility.

United States District Court
For the Northern District of California

under the portion of the Guidelines that has been amended. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the [career offender level] shall apply."). Defendant is correct that this is the procedure that must be followed, but other courts have rejected this argument. The Eighth Circuit has narrowly defined "based on" to apply only to the sentencing range that actually served as the trigger for a defendant's sentence. *Tingle*, 524 F.3d at 840 ("Because Tingle was not sentenced based on a sentencing range that has since been lowered, he has not met the eligibility requirements for a reduction of his sentence under § 3582(c)(2)."); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 3008) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").[2]  Other courts have more explicitly declined to apply defendant's definition of "based on" to these circumstances, explaining, for instance, that "[i]t would make little sense to permit the court to re-open a sentence based on a guideline amendment that would not, if applied to the defendant, make any difference in the outcome. The better reading of the statute is that the amendment must lower the range under which the defendant was actually sentenced (and would be re-sentenced)." *Miami*, 2008 WL 1869108 at *2.[3]  This Court sees no reason to diverge from these sensible interpretations of § 3582(c)(2).

Defendant also suggests that the Court may reduce defendant's sentence under § 3582(c)(2) because defendant's ultimate sentence of 210 months may have been reduced by Judge Legge had there been a greater disparity between defendant's sentencing range under U.S.S.G. § 2D1.1 and his career offender range under § 4B1.1. Amendment 706, defendant argues, creates a greater disparity because it would lower defendant's otherwise-applicable sentencing range from 140-175 months to 120-150

---

[2] Defendant questions the constitutionality of this policy statement located at § 1B1.10(a)(2)(B), but the Court need not reach this question because it finds that defendant's term of imprisonment was not "based on" a subsequently-lowered sentencing range under 18 U.S.C. § 3582(c)(2).

[3] In a different context, the Ninth Circuit has also indicated that courts should look at whether the retroactive amendment would have had any effect on the defendant's sentencing range. *See Townsend*, 98 F.3d at 513 ("Because Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2)."). Here, if Amendment 706 had been in place at the time of defendant's sentencing, it would have had no effect on his sentencing range because the otherwise-applicable offense level under § 2D1.1 would have been lower than the career offender level in § 4B1.1, thus triggering the same career-offender sentencing range under which defendant was sentenced. *See* U.S.S.G. § 4B1.1(b).

4

1  months.  Defendant's Motion at 8.  As an initial matter, it should be noted that Judge Legge decided on

2  a sentence of 210 months in spite of a recommendation by the probation officer that defendant receive

3  a sentence of 188 months, at the low end of the career offender sentencing range.  In addition, this

4  argument has been rejected by the courts that have considered it where, as here, there is no evidence that

5  the sentencing court found the career offender range to be inappropriately high.  As one district court

6  has explained,

> The court may rely on the sentencing range prescribed for a defendant of a different
> criminal history category (in other words, the § 2D1.1 sentencing range), but only if the
> court determines that the criminal history category "substantially over-represents the
> seriousness of defendant's criminal history or the likelihood that the defendant will
> commit other crimes."  § 4A1.3(b)(1).  If the court concludes that the criminal history
> category accurately represents the defendant's characteristics, it never reaches the
> comparison between defendant's sentence under § 4B1.1 and the sentence that would
> apply if another criminal history category were used.

*United States v. Rivera*, 535 F. Supp. 2d 527, 530 (E.D. Pa. 2008); *see also Miami*, 2008 WL 1869108

at *3.  The Court agrees.  This argument does not propel defendant over the hurdle presented by the fact

that his term of imprisonment was not "based on" a sentencing range that has been lowered, 18 U.S.C.

§ 3582(c)(2), and instead suggests that the Court should resentence defendant merely because the

sentencing court, had it been acting under the advisory Guidelines in the wake of *United States v.

Booker*, 543 U.S. 220 (2005), might have chosen to pay more attention to the lower § 2D1.1 sentencing

range than the § 4B1.1 career offender range.  *Booker* itself does not provide "the requisite authority to

reopen sentencing proceedings under § 3582(c)," *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir.

2007) ("[E]very court to consider [the argument that *Booker* provides a basis for sentence reduction]

has rejected it because § 3582(c)(2) allows re-sentencing only when the Commission lowers an

applicable Guideline."), and without authority to reopen sentencing proceedings under § 3582(c)(2), this

Court cannot reconsider defendant's sentence in light of the advisory nature of the Guidelines and the

admittedly lower sentencing range that would have applied had defendant not been sentenced as a career

offender.  Defendant's motion is DENIED.


### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's

motion for resentencing [Docket No. 60].

**IT IS SO ORDERED.**

Dated: June 6, 2008

_____
SUSAN ILLSTON
United States District Judge